IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL TIDWELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0553-BD |
| EXEL GLOBAL LOGISTICS, INC. | § | |
| f/k/a EXCEL NORTH AMERICAN | § | |
| LOGISTICS, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Exel Global Logistics, Inc. has filed a motion for summary judgment in this disability discrimination and failure to accommodate case brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* As grounds for its motion, defendant contends that plaintiff, who is legally blind due to complications from diabetes, was terminated from his position as a night receptionist at a freight distribution company as part of a bona fide reduction in force, and plaintiff cannot prove that this non-discriminatory reason offered for his termination was pretextual. With respect to plaintiff's failure to accommodate claim, defendant argues that plaintiff was not entitled to the requested accommodation as a matter of law. Finally, defendant seeks summary judgment on its affirmative defense of failure to mitigate damages. The issues have been briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim

or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Judged against these standards, the court determines that genuine issues of material fact preclude summary judgment in favor of defendant on plaintiff's disability discrimination claim. Defendant maintains that plaintiff was employed as a night receptionist and that his job duties were limited to answering telephone calls and performing minor clerical tasks. (*See* Def. MSJ Br. at 3, 5, 8, 12-13). Due to a significant downturn in business following the September 11, 2001 terrorist attacks, defendant alleges that it eliminated the night receptionist position, costing plaintiff his job. (*See id.* at 6, 17-18). Plaintiff counters that he worked as a night operations agent, not as a night receptionist, and performed a variety of duties in addition to answering the telephone and doing clerical work. These additional duties included data entry, customer service, and tracking and tracing freight. (*See* Plf. MSJ Resp. Br. at 13-14, 15; Plf. MSJ Resp. App. at 338-40). Indeed, the summary judgment record is replete with evidence that plaintiff's job was classified as "Night Operations." (*See* Plf. MSJ Resp. App. at 379, 414, 437, 440, 443).[1] Although other employees were classified

---

[1] Among the documents supporting plaintiff's claim that he was employed as a night operations agent are a job evaluation form, a phone list, an employment verification form, a salary increase approval form, and an FMLA request form. These documents, all of which were generated by defendant, identify plaintiff's job title variously as "Operations,"

as receptionists, there is no evidence that plaintiff held that job title. If, as defendant argues, plaintiff was terminated because his job as a night receptionist was eliminated due to a reduction in force, defendant must first establish that plaintiff, in fact, was employed as a night receptionist. Clearly, there are genuine issues of material fact with respect to plaintiff's job classification and his assigned duties.

Defendant also seeks summary judgment on plaintiff's failure to accommodate claim. The gravamen of this claim is that defendant failed to provide plaintiff with a JAWS software program that would have allowed him to interact with the company's computer system. According to defendant: (1) plaintiff never sought promotion to a position which would have triggered the need for this accommodation; (2) plaintiff was capable of performing the essential functions of his job as a night receptionist without the requested accommodation; (3) there is no evidence that the proposed accommodation was reasonable under the ADA; and (4) plaintiff cannot show that he was capable of performing the essential functions of any available positions with or without a reasonable accommodation. The court initially observes that an employer's obligation to participate in the interactive process of fashioning a reasonable accommodation is triggered when "a qualified individual with a disability has requested provision of a reasonable accommodation[.]" 29 C.F.R. § 1630.9, App. (1995); *see also Taylor v. Principal Financial Group*, 93 F.3d 155, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 586 (1996). It is undisputed that plaintiff, who is blind, requested a computer screen-reading program to assist him in using defendant's computer system. That plaintiff did not apply for a promotion is irrelevant to defendant's obligation to investigate a reasonable accommodation. As for defendant's argument that plaintiff could perform the essential functions

---

(*see* Plf. MSJ Resp. App. at 379), "Operations, Night," (*see id.* at 443), "Operations Clerk," (*see id.* at 437), "Night Op," (*see id.* at 438), and "Clerk, Night Operations," (*see id.* at 440).

of his job without the requested accommodation, that argument assumes plaintiff worked as a night receptionist. The court has already determined that there is a fact issue as to whether plaintiff was employed as a night receptionist or as a night operations agent.

Nor is defendant entitled to summary judgment on the ground that plaintiff has failed to prove that the JAWS software program was compatible with its FDS computer operating system or would have enabled plaintiff to interact with FDS. In response to this argument, plaintiff relies on the affidavit of Frank DiPalermo, who has more than 20 years of experience in designing and implementing customized systems for disabled computer users, including users who are blind. (*See* Plf. MSJ Resp. App. at 1, ¶ 2). According to DiPalermo, a JAWS software package[2] and a customized script would permit a blind user to interact with an MS-DOS based program, like FDS. (*Id.* at 2, ¶¶ 3, 5, 7). DiPalermo further states that the compatibility of JAWS with a program like FDS is "close to 100%." (*Id.*, ¶ 7). This evidence is sufficient to at least raise a fact issue as to whether the accommodation requested by plaintiff was reasonable.

Even if plaintiff was employed as a night operations agent and had access to the JAWS program, defendant argues that he still would not have been able to perform two essential functions of the job -- reading handwritten material and visually inspecting freight. (*See* Def. MSJ Br. at 33; Def. MSJ Reply at 9). Essential functions of the job are those functions that "bear more than a marginal relationship to the job at issue." *Chandler v. City of Dallas*, 2 F.3d 1385, 1393-94 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1386 (1994). Whether a particular job function is "essential" for purposes of the ADA is a question of fact. *See* 29 C.F.R. § 1630.2(n); *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 612 (3rd Cir. 2006). Although defendant has adduced some evidence that a

---

[2] JAWS is an acronym for "Job Access with Speech," a program which reads aloud text on a computer screen. The JAWS program also allows blind users to scan documents and have their contents read back by the computer.

night operations agent must read handwritten material and visually inspect freight in order to perform the job, other evidence in the record contradicts that assertion. (*Compare e.g.*, Def. MSJ App. at 430-31 & 576-77 *with* Plf. MSJ Resp. App. at 11, 17 & 400; *see also* Plf. MSJ Resp. App. at 337, 350). In sum, genuine issues of material fact preclude summary judgment in favor of defendant on plaintiff's failure to accommodate claim.

Finally, defendant argues that it is entitled to summary judgment on its affirmative defense that plaintiff failed to mitigate his damages. "Whether an injured person has mitigated his damages requires a factual assessment of the reasonableness of his conduct." *Hill v. City of Pontotoc*, 993 F.2d 422, 427 (5th Cir. 1993). Because defendant has the burden of proving that plaintiff failed to use reasonable diligence in mitigating his damages, *see Roane v. Callisburg Independent School Dist.*, 511 F.2d 633, 640 (5th Cir. 1975), summary judgment is proper only if defendant establishes beyond peradventure all the essential elements of the defense. *See Fontenot*, 780 F.2d at 1194. The summary judgment evidence shows that following his termination, plaintiff enrolled as a full-time student at Stephen F. Austin University in Nacogdoches, Texas. (*See* Def. MSJ App. at 48-49). While in college, plaintiff sought both on-campus and off-campus employment, including jobs as a telemarketer and at several bars and restaurants. (*See* Plf. MSJ App. at 459, ¶ 4). He also researched two home-based business ventures and applied, or attempted to apply, for at least five different jobs in the Dallas/Fort Worth area. (*See id.* at 458-59, ¶ 3). In light of this evidence, a jury could easily conclude that plaintiff was reasonably diligent in mitigating his damages. Defendant is not entitled to summary judgment on this affirmative defense.

## CONCLUSION

For these reasons, defendant's motion for summary judgment [Doc. #55] is denied. The court will set this case for trial by separate order.

SO ORDERED.

DATED: February 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE